NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3366

ERIC L. KALWA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: January 13, 2005

_____

Before CLEVENGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER Circuit Judge.

PER CURIAM.

Eric L. Kalwa seeks review of the final decision of the Merit Systems Protection Board ("Board") sustaining the decision of the United States Postal Service ("agency") to remove him from his job as a letter carrier.  Kalwa v. United States Postal Serv., No. PH0752030193-I-1 (M.S.P.B. May 18, 2004).  We affirm.

I

Mr. Kalwa served as a letter carrier in the agency's Loch Raven Post Office in Baltimore, Maryland.  On January 21, 2001, Mr. Kalwa lost a registered letter.  Contrary to regulations, he then obtained a Form 3867 (accountable mail matter received for delivery) and then falsified an address and forged a signature on a Form 3849 to show that he had in fact delivered the registered letter.  On January 27, 2003, the agency

proposed to remove Mr. Kalwa from his job for improper conduct. The charging letter outlined the facts alleged, as stated above. In a letter of decision, dated March 3, 2003, the agency concluded that the charges as stated were true. In the words of the agency: "Honesty is an essential requirement of your position. Failure to be honest has a negative effect on the efficiency of operations. The Postal Service requires an honest and efficient work force. You have failed to meet this very basic requirement. The Postal Service is required by law to provide prompt, efficient and reliable service to its customers. Your removal would promote the efficiency of the service."

II

Mr. Kalwa appealed his removal to the Board and received a hearing before the Administrative Judge ("AJ") to whom his case was assigned. The AJ heard the evidence presented and concluded that the charges were true as stated: Mr. Kalwa lost a piece of registered mail and sought to cover up that fact by falsification and improper use of agency forms. The AJ held that the agency proved its charges by a preponderance of the evidence. The AJ also reviewed the agency's consideration of the Douglas factors and decided that removal was an appropriate penalty.

Mr. Kalwa sought review from the full Board. The Board declined his petition for review and thus rendered the AJ's decision sustaining the removal action the final decision of the Board. Mr. Kalwa timely sought review in this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

III

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

5 U.S.C. § 7703(c)(1) (2000).  When the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence.  Id. § 7703(c)(3).

We have reviewed the final decision of the Board and the record submitted to this court.  We agree with the Board that the agency proved by a preponderance of the evidence that Mr. Kalwa lost a registered letter and falsified the record regarding the disappearance of the letter.  Substantial evidence supports the fact-findings that underlie this conclusion.  We further agree that the agency was within the bounds of reason when it decided that removal is an appropriate remedy for the proven misconduct.  We detect no error of fact or law in the Board's final decision.  We therefore have no choice but to affirm.